578

## UNITED STATES v. CERTAIN LANDS IN BOROUGH OF BROOKLYN, KINGS COUNTY, CITY AND STATE OF NEW YORK, et al.

### Miscellaneous No. 464.

District Court, E. D. New York.

Feb. 25, 1942.

Harry T. Dolan, Sp. Asst. to Atty Gen., of U. S. (Edward H. Murphy, of New York City, of counsel), for petitioner-plaintiff, for the motion.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty. of Brooklyn, N. Y., of counsel), for petitioner-plaintiff by virtue of certain judgment liens on property.

Daniel McNamara, Jr., of Brooklyn, N. Y., for defendants Ida A. Hill and George Meyers, opposed.

Morris E. Packer, of Brooklyn, N. Y., designated for certain unknown defendants.

John J. Bennett, Jr., Atty. Gen., of New York, for State of New York.

BYERS, District Judge.

Motion for judgment of condemnation "and order dispensing with the appointment of Commissioners of Appraisal to appraise the value of Parcels Nos. 1 and 6 taken in this proceeding, and directing that the value of such parcels so taken and the just compensation which should be made for the taking thereof shall be fixed and determined by the Court, after viewing said property and hearing such proofs as to value as may be submitted, upon proper notice to all parties in interest", etc.

Opposition is confined to the quoted portion of the notice.

The proceeding was instituted pursuant to Title 40 U.S.C.A. § 258a, and recourse must be had to §§ 257 and 258 in connection therewith; the latter contains the requirement of conformity in such matters, "as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding".

Concededly the claimants can be deprived of their property only in conformity with the following provision of the Constitution of the State of New York (Article 1, § 7):

"(a) Private property shall not be taken for public use without just compensation.

"(b) When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by the supreme court without a jury, but not with a referee other than an official referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

Similar provision was made in the Constitution of 1821, Art. VII, Sec. 7, and

later revisions have made no change of substance.

The legislature of the State is thus clothed with the power to prescribe the applicable practice and procedure.

■ Chapter 73 of the Consolidated Laws of New York (The Condemnation Law) provides that the Court may render a judgment (§ 13) "adjudging that the condemnation of the real property described is necessary for the public use, and that the plaintiff is entitled to take and hold the property for the public use specified, upon making compensation therefor and the court shall thereupon appoint three disinterested and competent freeholders, residents of the judicial district embracing the county where the real property or some part of it is situated, * * * and fix the time and place for the first meeting of the commissioners."

If the foregoing were the only embodiment of the legislative selection of procedure, it would follow that only the commission form of proceeding has been sanctioned, but the truth is to the contrary: In Cruger v. Hudson River R. Co., 12 N.Y. 190, the applicable statute provided for a jury trial.

As to the City of New York, the legislature has expressly authorized such proceedings before a Special Term of the Supreme Court of the State for the trial of condemnation proceedings. See Laws of 1934, Ch. 606, §§ 1 and 2, amending Laws of 1909, Ch. 35, §§ 84 and 148, Judiciary Law, Consol.Laws, c. 30.

By the Laws of 1922, Ch. 563, section 970 of the Charter of the City of New York was amended to the same effect; one provision deals with the proceedings authorized before the year 1917, as to which the Board of Estimate was empowered to determine whether compensation in such proceedings was to be determined by the Supreme Court without a jury, or by three commissioners of estimate.

Another provides that, as to proceedings begun after January 1, 1917, compensation is to be determined by the Supreme Court without a jury.

See also Laws of 1932, Ch. 391, § 5, amending § 1000 of the said Charter.

Since on occasion the legislature has selected each of the three constitutional methods for ascertaining just compensation for property condemned for public use,

it cannot now be said that only the commission system alone has been sanctioned and now obtains.

No decision stands in the way of granting this motion.

Kohl v. United States, 1875, 91 U.S. 367, 376, 23 L.Ed. 449, contains some discussion of the nature of a condemnation proceeding and the manner of its exercise pursuant to federal statute. It is said that the right of eminent domain "always was a right at common law" and is superior to any statute; and "That it was not enforced through the agency of a jury is immaterial".

That the proceeding is scarcely a trial of contested issues, is developed in "Federal Condemnation Proceedings and the Seventh Amendment", 41 Harvard Law Review 29, where it is persuasively argued that such a proceeding is like an inquest and the assessment of damages.

In Re Secretary of Treasury, C.C.1891, 45 F. 396, 11 L.R.A. 275, it was decided in the Southern District, that a petition would be dismissed which was framed in accordance with a statute designed to permit the Board of Education of the City of New York to acquire school sites, for the reason that the law was not deemed to accord adequate protection to property owners in connection with a taking for a U. S. Customs House.

Here there is no such issue. The taking is not contested, but merely the method to be employed in fixing compensation. Truly that is a question of the utmost consequence to the property owner, but in the absence of a showing that the commission method is the exclusive agency ordained by the legislature of this State, it is thought that this Court is free to adopt the procedure deemed appropriate for the City of New York, and order the fixation of damages to proceed before the Court without a jury.

So much should be embodied within the judgment now sought.

This decision is intended to indicate that this Court, observing that the New York legislature has sanctioned both the Commission and the Court without a jury method of ascertaining condemnation damages, is at liberty to interpret the conformity requirements of Title 40 U.S.C.A. § 258 so as to select the latter procedure in this case; which is to say, that there is no compulsion to that end, and that, under conceiv-

580

able circumstances, it might seem wiser to have resort to what is thought to be the alternative procedure of appointing Commissioners.

It is unfortunate that there seems to be no method for securing a review of an interlocutory judgment containing the provision herein sanctioned, but that ought not to prevent a decision which is deemed to be proper.

Motion granted. Settle interlocutory judgment, to provide that the cause be set down for disposition on the non-jury calendar.