UNITED STATES v. 243.22 ACRES OF LAND IN VILLAGE OF FARMINGDALE, TOWN OF BABYLON, SUFFOLK COUNTY, STATE OF NEW YORK et al.

No. 465.

District Court, E. D. New York.

March 19, 1942.

Harry T. Dolan, Sp. Asst. to the U. S. Atty. Gen. (Edward H. Murphy, of New York City, Sp. Atty., Department of Justice, of counsel), for plaintiff.

E. John Ernst, Jr., of New York City, for defendant Justine L. Lambert.

John J. Ryan, of New York City, for defendant Republic Aviation Corporation.

**806**

Samuel Rudykoff, of New York City, for defendant Joseph W. Kay, 3rd.

MOSCOWITZ, District Judge.

This is a motion by the United States for an order dispensing with the appointment of Commissioners of Appraisal to determine the compensation to be paid for certain condemned property, and directing that the determination be made by the Court. In the absence of a governing federal statute, the provisions of the Conformity Act, 40 U.S.C.A. § 258, direct that the mode of proceeding "shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding."

Turning therefore to the applicable New York law, one finds that Art. 1, Sec. 7(b), of the Constitution of the State of New York, provides as follows: "When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by the supreme court without a jury, but not with a referee other than an official referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

Section 13 of the New York Condemnation Law, Consol.Laws, c. 73, further provides that the Court shall appoint three disinterested freeholders as commissioners to ascertain the compensation to be paid in condemnation cases. It would thus appear that although the Constitution of the State of New York has permitted appraisal by commissioners, by the court or by a jury, the legislature has by statute narrowed the permissible procedure to the commissioner method. The defendant strongly urges this argument in opposition to the government's motion.

In its effort to avoid the delays which experience has shown to be inherent in the use of the commissioner method, the government points to the fact that the Administrative Code of the City of New York eliminates this method and substitutes therefor a determination of the issue of value by a court without a jury. The argument is then advanced that since there is no wholly uniform practice within the State, the Federal Court may choose among the several procedures authorized by Art. 1 Sec. 7 of the New York Constitution. Following this analysis, it has been held that the Court had the power to direct that the appraisal be made by it without the use of commissioners. United States v. Certain Lands in Borough of Brooklyn, etc., D.C.E.D.N.Y., February 25, 1942, 43 F.Supp. 578.

The Court might well determine the issue, based upon that authority. There is, however, another analysis which reveals itself upon closer examination of the New York Constitution and which affords a further basis for holding that the United States in its condemnation proceedings within the State of New York is not bound to use the commissioner method of appraisal. Although neither side has discussed the point, it must be noted that Art. I, § 7, of the New York Constitution, is by its own words limited to cases "when such compensation is not made by the state, * * *." Section 13 of the Condemnation Law is passed pursuant thereto. It would therefore seem that although the State of New York in its own condemnation might use the practice of commissioners prescribed by Section 13 of the Condemnation Law (Cf. Section 4 of the Condemnation Law), it is not limited to that procedure. Thus in Waterloo Woolen Mfg. Co. v. Shanahan, 128 N.Y. 345, at page 363, 28 N.E. 358, at page 363, 14 L.R.A. 481, the Court said:

"The constitutional provision requiring the compensation to be made to the owner, to be ascertained by a jury, or by commissioners appointed by the court, does not apply to such a case. Const. art. 1, § 7. The state may take possession, go on with its work, and await the claim of the owner for a compensation."

A similar statement was made by the Court in Litchfield v. Bond, 105 App.Div. 229, 93 N.Y.S. 1016.

If the State of New York is not bound by the prescriptions of Art. I, § 7 and is free to adopt any reasonable practice it may see fit, is the United States to be placed in any less favorable position? Apparently under New York law the limitations are prescribed only in cases where the condemnation is by some public service corporation or other unit, other than the State, which is given condemnation powers. The only conclusion to be reached therefore, is that when under New York law the sovereign itself condemns, the limitations of Section 13 of the Condemnation Law do not apply.

In this proceeding by the United States, the Court, confronted with resultant discre-

tion in the choice of procedure and mindful of the unfortunate delays and unnecessary expense which has only too frequently characterized the commissioner method, exercises that discretion in favor of choosing itself to make the determination of value.

Motion granted. Settle order on notice.